# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-231-RJC
# (3:18-cr-154-RJC-DSC-1)

| | |
|---|---|
| APRIL NICOLE PITCHFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Petitioner was charged in the underlying criminal case with the following offenses involving her four-year-old son: Count One, sexual exploitation of children in violation of 18 U.S.C. § 2251(a); and Count Two, transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1). (3:18-cr-154 ("CR") Doc. No. 1).

Petitioner pleaded guilty pursuant to a written Plea Agreement to Count One in exchange for the Government's dismissal of Count Two. (CR Doc. No. 15). Petitioner admitted that she is, in fact, guilty of Count One. (CR Doc. No. 15 at 1). The Plea Agreement sets forth Petitioner's sentencing exposure of a minimum mandatory sentence of 15 years in prison and a maximum of 30 years in prison. (CR Doc. No. 15 at 2). The Plea Agreement states that the Court would consider the U.S. Sentencing Guidelines; had not yet determined the sentence; that any estimate of the sentence that Petitioner might receive was a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum and would

1

not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw her plea as a result of the sentence imposed. (CR Doc. No. 15 at 2). The parties agreed to jointly recommend: a base offense level of 32 pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 2G2.1(a); a four level enhancement pursuant to § 2G2.1(b)(1)(A); two level enhancements pursuant to §§ 2G2.1(b)(2)(A), 2G2.1(b)(3), 2G2.1(b)(5), and § 3A1.1; and a five level increase pursuant to § 4B1.5(b). (CR Doc. No. 15 at 2-3). The parties retained the right to seek a departure or variance from the applicable guideline range and to argue their respective positions regarding specific offense characteristics, cross-references, special instructions, reductions, enhancements, departures, and adjustments to the offense level. (CR Doc. No. 15 at 3). The Petitioner agreed to register as a sex offender under the Sex Offender Registration and Notification Act. (CR Doc. No. 15 at 3). The Petitioner stipulated to the existence of a factual basis to support the guilty plea as set forth in the Factual Basis filed with the Plea Agreement. (CR Doc. No. 15 at 5). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty including an express waiver of Petitioner's right to contest her conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 15 at 5-6).

The Factual Basis that was filed along with the Plea Agreement provides in relevant part:

1. Between on or about October 18, 2016 and October 19, 2016, the defendant employed and used a four year old minor to create a video depicting sexually explicit conduct. The video was created at a residence in Mecklenburg County. In the video, the defendant uses the child's hand to masturbate the defendant's genitals. The child is asleep.

2. The defendant created the video with her Apple iPhone. After creating the video, she sent it by text message to another individual.

(CR Doc. No. 16 at 1).

A United States Magistrate Judge conducted a plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. (CR Doc. No. 44). Petitioner stated, under oath, that she wanted the Court to accept her guilty plea to Count One; she understood the charge, her sentencing exposure, and the consequences of pleading guilty; she understood the rights she was waiving by pleading guilty; and she was pleading guilty because she is guilty of Count One. (CR Doc. No. 44 at 2-11). Petitioner further stated that she understood and agreed with the Plea Agreement including the appellate and post-conviction waivers. (CR Doc. No. 44 at 11). She stated that she read the Factual Basis, understood it, and agreed with it. (Id.). Petitioner stated that nobody threated, intimidated, or forced her to plead guilty, and nobody made any promises of leniency or a light sentence other than the terms of the Plea Agreement, to induce her to plead guilty. (CR Doc. No. 44 at 11). Petitioner confirmed that she had enough time to discuss any possible defense with her attorney and was satisfied with counsel's services. (CR Doc. No. 44 at 11-12).

The Presentence Investigation Report ("PSR") calculated the offense level as 32 based on U.S.S.G. § 2G2.1(a). (CR Doc. No. 27 at ¶ 19). Four levels were added because the victim had not attained 12 year of age pursuant to § 2G2.1(b)(1)(A); two levels were added because the offense involved the commission of a sexual act or sexual contact pursuant to § 2G2.1(b)(2)(A); two levels were added because the offense involved distribution pursuant to § 2G2.1(b)(3); two levels were added because the Petitioner was a parent, relative, or legal guardian pursuant to § 2G2.1(b)(5); two levels were added because the victim was vulnerable pursuant to § 3A1.1(b)(1); and five levels were added pursuant to § 4B1.5(b)(1) because the offense is a covered sex crime, neither § 4B1.1 nor § 4B1.5(a) applies, and the Petitioner engaged in a pattern of activity involving prohibited sexual conduct. (CR Doc. No. 27 at ¶¶ 20-24, 28). Three levels were deducted acceptance of responsibility based on the Petitioner's statement: "I accept responsibility for my

offense of conviction as described in the factual basis." (CR Doc. No. 27 at ¶¶ 16, 29, 30). The total offense level was therefore 43. (CR Doc. No. 27 at ¶ 31). Petitioner had zero criminal history points and a criminal history category of I. (CR Doc. No. 27 at ¶¶ 35-36). The resulting advisory guideline range was life imprisonment, however, the statutory maximum term of imprisonment is 30 years so the guideline term of imprisonment was 360 months. (CR Doc. No. 27 at ¶ 53).

The sentencing hearing came before the Court on December 13, 2019. (CR Doc. No. 48). The Petitioner stated that she had a chance to read the PSR, understood it, and had enough time to review it with counsel. (CR Doc. No. 48 at 3). Defense counsel requested a downward variance to the statutory minimum mandatory of 15 years' imprisonment, arguing that such is sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). (CR Doc. No. 48 at 4-5). Counsel argued *inter alia* that Petitioner: had no prior criminal history; was coerced into participating by her male co-offender who had abused her, as shown by forensic pictures of bruises; cooperated with law enforcement; admitted her involvement; was gainfully employed for years; is a low-risk offender; is attempting to rehabilitate herself; has family support; and is remorseful. (CR Doc. No. 48 at 6-12). Petitioner apologized to her ex-husband and his family for "all the hurt and pain [she has] caused them…." (Cr Doc. No. 48 at 14).

The Government requested a 30-year sentence and argued that a variance was not warranted based on the reprehensible facts of the case. (CR Doc. No. 48 at 15-16). The victim's father testified at the sentencing hearing that the victim cries at night, goes into fits of rage, and asks when his mother is coming home from jail. (CR Doc. No. 48 at 23).

The Court denied the motion for a downward variance after considering the PSR, the advisory guidelines, arguments by counsel, the Petitioner's allocution, testimony from the victim's father, the exhibits, a psychological report, and the § 3553(a) factors. (CR Doc. No. 48 at 24-25).

The Court concluded that a 30-year guideline sentence was sufficient but not greater than necessary to accomplish the goals of § 3553(a). (CR Doc. No. 48 at 28).

The Court accepted the Petitioner's guilty plea to Count One, dismissed Count Two, and sentenced the Petitioner to 360 months' imprisonment followed by 30 years of supervised release. (CR Doc. No. 33).

Petitioner argued on direct appeal that her sentence is substantively unreasonable, Fourth Cir. Case No. 20-4020. The Fourth Circuit Court of Appeal dismissed the Petitioner's appeal on December 3, 2020, because her appeal falls squarely within the scope of the knowing and voluntary waiver of her appellate rights. (4th Cir. Case No. 20-4020, Doc. Nos. 33, 34).

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on May 9, 2021.[1] (Doc. No. 1). She argues *verbatim:*

> GROUND ONE: the abuse pictures was not considered. Abuse pictures was [sic] mentioned but I do not feel like they was [sic] considered.
>
> GROUND TWO: my son was question[ed] and that was never used. My ex-husband made comments about how my son has been crying, and having fits of rage. There was never any proof of that. My mother says he is happy and healthy never showing fits of rage.
>
> GROUND THREE: I feel my 30 year sentence is unlawful. A 15 year sentence would have been enough time my son would have been of age.
>
> GROUND FOUR: Its mention[ed] that I don't have any rights to my son. I never went to family court. Never received documents stating I lost my rights.

(Doc. No. 1 at 4-6, 8).

The Petitioner does not state the relief she is requesting in this action.[2]

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

[2] The Rules governing § 2255 proceedings require a § 2255 petition to "state the relief requested." Rule 2(b)(3), 28 U.S.C. foll. § 2255. However, the Court will not order the Petitioner to correct this defect because such would be futile, as her claims are waived and meritless.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that her "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court also determines that no response from the Government is required.

## III. DISCUSSION

Petitioner appears to challenge the reasonableness of her 30-year sentence and the loss of parental rights that resulted from her conviction and incarceration.

The Petitioner's § 2255 claims were waived by her knowing and voluntary guilty plea. "[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). A defendant is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

The record reveals that Petitioner pleaded guilty knowingly and voluntarily with full knowledge of her plea's consequences. The Magistrate Judge conducted a thorough Rule 11 colloquy and concluded that Petitioner understood the charge, her sentencing exposure, and the rights she was waiving by pleading guilty. Petitioner stated that she was pleading guilty because she was guilty of Count One, that she was satisfied with counsel's services, and that she was not promised anything or coerced to enter a guilty plea. Petitioner does not presently allege that her plea was not voluntary and intelligent.[3] Her guilty plea thus waived her present non-jurisdictional claims that the sentence is unreasonable and resulted in the loss of her parental rights.

Moreover, the Petitioner's knowing and voluntary guilty plea included an express waiver of her post-conviction rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. The Plaintiff's § 2255 Motion to Vacate does not raise any claims of ineffective assistance of counsel or prosecutorial misconduct. Therefore, her § 2255 claims are expressly barred by the post-conviction waiver in the Plea Agreement.

Even if Petitioner's present claims were not waived, they are too vague and conclusory to support relief and are meritless. Petitioner suggests that her 30-year sentence is unreasonable. However, the Court imposed a guidelines sentence of 30 years' imprisonment pursuant to a correctly-calculated PSR, accordingly the sentence is entitled to a presumption of reasonableness that the Petitioner has failed to rebut. See United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."). Petitioner's argument that the Court failed to consider all of the relevant evidence is conclusively refuted by the record. The Court considered all of the argument, testimony, and evidence that the parties presented and determined that a guideline sentence of 30

---

[3] Even if the Petitioner's vague and conclusory arguments are liberally construed as claims that her plea was not knowing and voluntary, such are meritless as discussed *infra*.

years' imprisonment was warranted after considering the § 3553 factors. Any suggestion that counsel performed deficiently with regards to sentencing is conclusively refuted by the record. Petitioner agreed under oath at the Rule 11 hearing that she understood the minimum 15-year and the maximum 30-year sentence for the offense, that the Court would determine the sentence after considering the advisory guideline range, that any sentencing prediction by counsel would not be binding on the Court, and that the Court could impose any sentence within the mandatory minimum and maximum. The PSR was calculated in accordance with the parties' agreement and Petitioner has failed to identify any error or issue to which reasonable counsel would have objected. Further, counsel sought a downward variance sentence and presented arguments and evidence in favor of a variance, including abuse that the Petitioner allegedly suffered at the hands of her co-perpetrator. See (CR Doc. No. 48 at 9) (referring to bruises that the Petitioner allegedly suffered as a result of the abuse). The Petitioner's present unsupported suggestions that counsel could have presented additional evidence about the abuse she allegedly suffered, and to contradict testimony by the victim's father regarding the victim's distress, is too vague and conclusory to support relief. Moreover, none of the issues that the Petitioner has raised would have had any effect on the sentence whatsoever in light of the egregious nature of the offense, the advisory guideline range, the evidence and arguments that were presented by the parties and considered by the Court, and the § 3553(a) factors. Therefore, Petitioner's claim that the sentence was unreasonable and her suggestion that counsel performed deficiently would be denied on the merits even if they were not waived.

Finally, Petitioner vaguely refers to the loss of parental rights over her son. Matters of child custody and parental rights are not cognizable in the instant federal post-conviction proceeding. See generally Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 511 (1982)

(federal courts have consistently shown special solicitude for state interests in determining family issues such as child custody and parental rights and "federal habeas has never been available to challenge parental rights or child custody."). Any suggestion that that the loss of parental rights rendered the guilty plea involuntary is legally and factually baseless. The loss of parental rights is a collateral consequence of which Petitioner was not required to be made aware before pleading guilty in this case. See United States v. Nicholson, 676 F.3d 376 381 (4th Cir. 2012) (for a plea to be voluntary, "a defendant must be made aware of all of the direct but not the collateral consequences of a plea;" a consequence is collateral if it is "uncertain or beyond the direct control of the court."). Moreover, any suggestion that Petitioner did not know she would lose custody of her son by pleading guilty to exploiting him conclusively refuted by the record. The Petitioner admitted as part of her knowing and voluntary guilty plea that she exploited her son and she agreed to register as a sex offender. Further, she acknowledges that, even if the Court had imposed a minimum mandatory sentence of 15 years in prison, this would have resulted in her release from prison after her son turned 18. (Doc. No. 1 at 6) (arguing that 15 years is adequate because her son would be "of age" when such expired). Any suggestion that the Plaintiff expected to retain any parental rights under these circumstances is disingenuous. Therefore, even if this claim were not waived, it would be dismissed as non-cognizable and denied on the merits.

Petitioner's § 2255 claims are vague and conclusory, were waived by her knowing and voluntary guilty plea and express post-conviction waiver, and are conclusively refuted by the record. Therefore, Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

**IV. CONCLUSION**

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice and denied.

9

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: May 24, 2021

_____
Robert J. Conrad, Jr.
United States District Judge